UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANAA KHADDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 15-11542-LTS |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 22)

July 22, 2016

SOROKIN, J.

Plaintiff Sanaa Khadda ("Khadda") filed this personal injury action against Defendant Target Corporation ("Target"), alleging one count of negligence. See Doc. No. 1 at 8-9. Target has moved for summary judgment, Doc. No. 22, Khadda opposed the motion, Doc. No. 27, and the Court held a hearing. See Doc. No. 32. After careful consideration of the parties' briefs and arguments, the motion is ALLOWED and the case is DISMISSED.

I.   FACTUAL BACKGROUND[1]

Khadda, eight months pregnant at the time, visited the Everett, Massachusetts Target store on September 9, 2012. Doc. No. 24 ¶¶ 1, 3. Her two-year old son Omar, her sister-in-law Magida Gobal ("Gobal"), her friend Meryem Mosameh ("Mosameh"), and Mosameh's daughter

---

[1] On summary judgment, the Court "view[s] the facts in the light most favorable to" the non-moving Khadda, "and draw[s] all reasonable inferences in h[er] favor." Ray v. Ropes & Gray LLP, 799 F.3d 99, 112 (1st Cir. 2015). Khadda never responded directly to Target's Statement of Facts, so they are deemed admitted. L.R. 56.1. Khadda did submit her own Statement of Facts, Doc. No. 28, but these facts, largely tracking Target's, do not expressly dispute the relevant points.

accompanied her.  Id. ¶ 2.  When Khadda entered the store, she was pushing Omar in a stroller.  Id. ¶ 5.  Once entering, she went to a Starbucks location near the entrance, id. ¶ 6, leaving Omar behind with Gobal.  Id. ¶ 7.  While Khadda was at the Starbucks, Omar lifted himself out of, and ran away from, the stroller.  Id. ¶ 8.  After returning from the Starbucks, Khadda noticed that Omar had run off.  Id. ¶ 9.  Seeing him about fifty feet away, she went after him.  Id. ¶¶ 10, 11.

While approaching Omar, Khadda moved from a tile floor onto a carpet.  Id. ¶ 12.  A rubber component running along the carpet's edge "cover[d] the seem [sic] between the tile and carpet to keep the carpet adhered to the floor."  Id. ¶ 18.  Once she reached the carpet, Khadda tripped and fell, landing on her stomach.  Id. ¶ 13.  She stayed on the ground while Target employees, the fire department, and emergency medical personnel attended to her.  Id. ¶ 14.  Ultimately, an ambulance took her away.  Id. ¶ 15.  Khadda does not know what caused her fall, id. ¶ 28, did not see any dirt or water near where she fell, id. ¶ 29, and did not see the carpet bunched up near where she fell.  Id. ¶ 30.  Target's post-incident investigation revealed no dangerous or hazardous conditions near where Khadda fell, and that that area was clean and dry.  Id. ¶¶ 24-26.  However, while Khadda does not dispute the adequacy or authenticity of Target's investigation, Mosameh, either shortly before or simultaneous to Khadda falling, testified that she saw about three inches of the carpet lifted up, from the corner going down.  See Doc. No. 24-2 at 6.  Mosameh walked around that area upon entering the store and "does not recall observing a defect on or with the carpet."  Doc. No. 28 ¶ 26.

Target's store surveillance camera video by the Starbucks recorded the goings-on around, and including, Khadda's fall.  See Doc. Nos. 24-3, 27-2.  It reveals no visible defect in the carpet in the area where Khadda walked before falling (or any other area) and depicts numerous

customers walking over that very same area, both shortly prior to and after, Khadda's fall.[2]  Each of these customers walked without incident.  Khadda also does not appear to lose her balance until she has taken a small number of steps onto the carpet.

Target trains its employees "to constantly be on the lookout for any defector [sic] or dangerous conditions to ensure the safety of Target's guests and employees."  Doc. No. 24 ¶ 23.  Sean Curley ("Curley"), Target's Leader on Duty ("LOD") at the time Khadda fell, id. ¶ 17, walked through the area of the incident at least once per hour, including prior to Khadda's fall, and "observed" no "dangerous condition."  Id. ¶ 22.  Multiple Target employees also walked around that area of the store around the time Khadda fell, see Doc. No. 24-3; see also Doc. No. 24 ¶ 21 ("Target team members regularly walked through that area."), and the record contains no evidence that any of them noticed or reported any dangerous condition or that anyone reported any dangerous conditions to any of them.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Once a party "has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who 'may not rest on mere allegations or denials of [its] pleading, but must set forth specific facts showing there is a genuine issue for trial.'"  Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  The Court is "obliged to review the record in the light most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving

---

[2] Khadda falls ten minutes and fifteen seconds into the video, when the timestamp shows "7:43:15 PM."

party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Prescott v. Higgins, 538 F.3d 32, 39 (1st Cir. 2008) (quoting Medina–Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). A court may enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

III.   DISCUSSION

Under Massachusetts law, "[t]o prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." Cracchiolo v. E. Fisheries, 740 F.3d 64, 69 (1st Cir. 2014) (quoting Jupin v. Kasik, 849 N.E.2d 829, 834-35 (Mass. 2006)). The parties, agreeing that Target owed customer Khadda a duty of reasonable care, dispute whether Target breached that duty. Massachusetts holds landowners liable for injuries invitees incur on their premises under three conditions: (1) that the landowner knew or reasonably should have known about the dangerous condition, and knew or reasonably should have realized that the dangerous condition posed an unreasonable risk of harm to invitees; (2) that the landowner should expect that invitees will not recognize the danger or otherwise fail to protect themselves from it; and (3) that the landowner failed to take reasonable care to protect invitees from the dangerous condition. See Sheehan v. Roche Bros. Supermarkets, Inc., 863 N.E.2d 1276, 1281 (Mass. 2007) (citing Restatement (Second) of Torts § 343 (1965)). Khadda's claim falls short on multiple bases.

To start, no reasonable jury could conclude that the carpet was lifted up, as Mosameh testified, when Khadda tripped.  While ordinarily a jury would determine whether to credit Mosameh's contrary testimony, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).  The Court's close examination of the surveillance video indicates that this is such a case.  First, as mentioned above, the video does not show any visible folding over of the carpet before or after Khadda fell.  Second, what the video does show is several customers proceeding unhindered right over the area where Khadda crossed before falling both immediately before and after her incident.  Indeed, the Court does not observe any customers even hesitating when proceeding over the area near where Khadda fell.  Third, Khadda did not appear to lose her balance at all until she had walked passed the carpet's threshold.  And fourth, Target's investigation's undisputed finding of no dangerous condition near the carpet only further belies Mosameh's assertions.  Simply put, "the inferences that can reasonably be drawn are limited by the existence of video evidence," Mitchell v. Miller, 790 F.3d 73, 76 (1st Cir. 2015) (citing Scott, 550 U.S. at 380-81).  Crediting Mosameh's testimony would require the jury to find that the carpet lifted up three inches instantaneously, before immediately unfolding after Khadda fell, while leaving no evidence of doing so.  Given this overwhelming record, no reasonable jury could find that the carpet was lifted up before Khadda fell.

Next, assuming one credits Mosameh's testimony, there is no evidence that any Target employee knew or reasonably should have known of the lifted-up carpet prior to the accident. Khadda argues that the Court should infer knowledge (actual or constructive) from the presence

of various Target employees around the accident's location on the video prior to Khadda's fall. This inference, on this record, is untenable. Mosameh testified that she only observed the purported hazard at (or just before) the moment of the accident. She affirmatively stated that she did not notice it upon entering the store shortly before the accident, and the only other contemporaneous perspective in the record is Khadda's, who did not notice any bunching up of the carpet at all. Combining this with the evidence on the video, the Court cannot reasonably infer that Target employees knew or should have known of this dangerous condition.[3]

And finally, Khadda has not offered any evidence that Target failed to take reasonable efforts to protect its invitees from the risk of a sealed carpet folding over. The undisputed evidence establishes that: Target trains all employees to spot dangerous conditions; LOD Curley checked the area one hour before the accident; and at least two employees were right by the area where Khadda fell within the ten minutes before the accident (with several others close by during that time). Khadda has disputed neither Target's actual training of its employees nor that Curley actually examined the area where Khadda fell within the hour before her accident; has not submitted evidence, expert or otherwise, supporting the conclusion that Target reasonably should have done more; and has not cited case law suggesting that reasonableness might require a greater effort in a highly trafficked area such as that at issue in this case. In these circumstances,

---

[3] Regarding self-service establishments such as Target, the Massachusetts Supreme Judicial Court has held that a plaintiff fulfills the notice condition when she "proves that an unsafe condition on an owner's premises exists that was reasonably foreseeable, resulting from an owner's self-service business or mode of operation, and the plaintiff slip[ped] as a result of the unsafe condition." Shaheen, 863 N.E. 2d at 1286; accord Sarkisian v. Concept Rest., Inc., 32 N.E. 3d 854, 859 (Mass. 2015). Unlike the risk of grapes falling on a grocery store floor (Shaheen) or wet drinks spilling on a nightclub dance floor (Sarkisian), Khadda has not argued (thereby waiving), nor would the record support, that a risk of Target's mode of operation is that a sealed carpet will fold over due to customer traffic. Accordingly, Khadda cannot use Target's mode of operation to overcome her inability to prove notice. Moreover, even if she could, as discussed elsewhere, her claim fails nonetheless.

Khadda has not met her burden to offer evidence sufficient to permit a reasonable jury to conclude that Target failed to take reasonable care to protect its invitees from the risk of the sealed carpet folding over.  See Lay v. Jordan's Furniture, Inc., No. 10-P-1344, 2011 WL 3444177, at *1 (Mass. App. Ct. Aug. 9, 2011) (Rule 1:28 Decision) ("[T[he record contains no evidence suggesting any breach of that duty of reasonable care on the part of the defendant. . . . The plaintiffs demonstrated no applicable industry standard, building code, or other regulation that would require any particular curb height in Massachusetts.  Nor did the plaintiffs offer any expert testimony on the significance of the curb height, or on whether the particular curb posed a danger to the public."); Gosselin v. Colonial Shopping Ctr., No. 09-P-2160, 2010 WL 3929421, at *1 (Mass. App. Ct. Oct. 8, 2010) (Rule 1:28 Decision) ("[T]he record contains no evidence suggesting any breach of the duty of reasonable care on the part of either defendant.  Nor did she present any testimony that either defendant was aware of any defect.  Simply put, the plaintiff introduced no evidence suggesting that the incident in question resulted from any negligent act or breach of any duty owed to the plaintiff on the part of either defendant.  As such, summary judgment on all counts was proper and the judgment is affirmed.").

IV.     CONCLUSION

       For the foregoing reasons, Target's Motion for Summary Judgment, Doc. No. 22, is ALLOWED, and the case is DISMISSED.

                                    SO ORDERED.

                                    /s/ Leo T. Sorokin
                                   Leo T. Sorokin
                                   United States District Judge